NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIELLE WILLIAMS, | : | |
| Plaintiff, | : | Civil No. 11-02150 (JAP) |
| v. | : | **OPINION** |
| DEPARTMENT OF LAW AND PUBLIC SAFETY, | : | |
| Defendant. | : | |

PISANO, District Judge:

Plaintiff Danielle Williams filed a Charge of Discrimination against the Department of Law and Public Safety with the United States Equal Employment Opportunity Commission (EEOC) on September 21, 2010. She was issued an EEOC right-to-sue letter on March 8, 2011. Plaintiff filed this Complaint on April 18, 2011, charging the Defendant with racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000. This case comes before the Court on Defendant's Motion to Dismiss for failure to state a claim upon which relief may be granted. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this case will be dismissed.

I.      Background

Plaintiff is employed as a legal secretary with the New Jersey Department of Law and Public Safety, Division of Law. Her September 21, 2010 Charge of Discrimination filed with the EEOC alleged that she was "subjected to multiple disciplinary actions and other forms of

disparate treatment" due to her race and in retaliation for her complaints regarding such disparate treatment.  The Charge alleges that the discrimination took place between September 8, 2009, and November 12, 2009.  The EEOC was unable to conclude that the information provided established a violation of federal law, and issued a right-to-sue letter on March 8, 2011.  Plaintiff filed this Complaint in federal court on April 18, 2011.  In it, Plaintiff alleges that the Defendant wrongfully suspended her indefinitely for discriminatory reasons from early 2011 through the date of filing.  Plaintiff also attached documentation of the aforementioned EEOC filing and response with her Complaint.

**II.     Motion to Dismiss**

The Defendant asserts in the instant Motion that this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  In deciding a Motion to Dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true.  *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).  All reasonable inferences must be made in the Plaintiff's favor.  *Nami v. Fauver*, 82 F.3d 63 (3d Cir. 1996); *Oshiver v. Levin, Fishbien, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).  The Court finds that this Complaint must be dismissed.  Plaintiff's allegations from her September 2010 EEOC Charge are untimely, and she has failed to exhaust her administrative remedies for the new allegations that were not included in that Charge.

Before bringing suit under Title VII, a plaintiff must first file a Charge of Discrimination with the EEOC.  *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976); *Hornsby v. United States Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986).  In a state such as New Jersey with its own agency to which the EEOC must initially refer complaints, Title VII's statute of limitations

requires that the Charge be filed within 300 days of the alleged violation. 42 U.S.C. § 2000e-5(e)(1); *Cortes v. UMDNJ*, 391 F. Supp. 2d 298, 309-10 (D.N.J. 2005). Plaintiff's EEOC Charge indicates that the alleged discriminatory conduct occurred between September 8, 2009, and November 12, 2009. She filed her charge on September 21, 2010, over 300 days later. Thus, the allegations contained in Plaintiff's EEOC Charge are time-barred.

The allegations of more recent discriminatory conduct contained in Plaintiff's Complaint, and in her Opposition to the instant Motion, have not been the subject of a Charge filed with the EEOC. Therefore, the Plaintiff did not exhaust her procedural remedies as to these allegations. The civil action following an EEOC Charge may be broadened to include related allegations "which can reasonably be expected to grow out of the charge of discrimination." *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976). This includes new allegations that occur during the EEOC investigation. *Id.* The newer allegations appearing in Plaintiff's Complaint with this Court may not be sufficiently related to her original Charge to be covered by this exception. Even if they were related, however, they cannot retroactively cure the untimeliness of that Charge. The later allegations should have been the basis of a new filing with the EEOC rather than with this Court.

Plaintiff alleges in her Opposition that her attempts to seek redress through required Departmental and Union administrative procedures have met with resistance or outright refusal to respond. These allegations, even if true, do not affect the requirement that a plaintiff file a Charge of Discrimination with the EEOC before filing suit in federal court.

### III. Conclusion

For the reasons set forth above, the Plaintiff's Complaint fails to meet the procedural requirements for suits alleging racial discrimination in violation of Title VII. Therefore, her

Complaint fails to state a claim, and the Defendant's Motion to Dismiss will be granted.  An appropriate Order follows.


                                             /s/ Joel A. Pisano
                                             JOEL A. PISANO
                                             United States District Judge

Dated: April 24, 2012